## MADISON HILLS LIMITED PARTNERSHIP *v.* TOWN OF MADISON ET AL.
### (14081)

Dupont, C. J., and Foti and Daly, Js.

Argued December 11, 1995—decision released February 20, 1996

*Bernard Green*, with whom, on the brief, was *Marni Smith Katz*, for the appellant (plaintiff).

*Steven R. Dembo*, with whom was *Andre E. Becker*, for the appellees (TEPA Associates et al.).

FOTI, J. This is an appeal taken by the plaintiff Madison Hills Limited Partnership from the granting of a motion to set aside or open a default quiet title judgment. The plaintiff alleges that, pursuant to General

Statutes § 52-212,[1] the trial court lacked jurisdiction to open the judgment. We affirm the decision of the trial court.

The following facts are relevant to the resolution of this appeal. In December, 1988, the plaintiff filed a one count complaint seeking a declaratory judgment to quiet title to property located in the town of Madison. Named as defendants were the town of Madison and all unknown persons having an interest in the property.[2] In compliance with the trial court's orders, the plaintiff published notice of the action in the New Haven Register on December 26 through December 28, 1988.[3] Fol-

---

[1] General Statutes § 52-212 provides in pertinent part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[2] The complaint set forth in part, "and all unknown persons, claiming or who may claim any rights, title, interest or estate in or lien or encumbrance upon the real property described in this complaint, adverse to the plaintiff, whether such claim or possible claim be vested or contingent . . . ."

[3] General Statutes § 47-31 provides in pertinent part: "(b) The complaint in such action shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the claim, interest or title and shall name the person or persons who may claim the adverse estate or interest. In any such action the plaintiff may join as defendants any unknown person or persons who claim or may claim any rights, title, estate or interest in or lien or encumbrance on the property described in the complaint, adverse to that of the plaintiff, whether the claim or possible claim be vested or contingent. If in the complaint, the plaintiff alleges that there are or that there may be persons who have or may have some right, title, estate or interest in or lien or encumbrance on the real or personal property but the persons cannot be located or are unknown to the plaintiff, or both, and describes the actual or possible estate or interest of such person or persons, and how derived, so far as may be known to him from a reasonable search of the available land records or otherwise, he may join as defendants all unknown persons who may have

lowing defaults against the town for failure to plead, and against all other defendants for failure to appear, the trial court rendered judgment on May 8, 1989, ordering that the plaintiff had clear title to the parcel in question.

On March 10, 1992, TEPA Associates (TEPA) and Candlewood Development Company (Candlewood) moved to set aside or open the judgment, claiming title to a seventeen acre tract of land located within the 600 acre parcel that is the subject of the judgment. The trial court conducted a hearing over several days during which the parties presented evidence. The trial court granted the motion to open the judgment on September 19, 1994.[4]

made any such claim by stating in the summons, after setting forth the names of known claimants, the words, 'and all unknown persons, claiming or who may claim any rights, title, interest or estate in or lien or encumbrance upon the real property described in this complaint, adverse to the plaintiff, whether such claim or possible claim be vested or contingent', and it shall not be necessary to set forth therein any further description of the unknown person or persons. If, there are no known claimants, or possible claimants, to the property described in the complaint, the action shall be deemed to be maintained against all unknown persons claiming or who may claim any rights, title, estate, or interest, or lien or encumbrance upon the real or personal property described in the complaint, adverse to that of the plaintiff, whether the claim be vested or contingent, and the action may be prosecuted to judgment in the same manner and with like effect as though there had been known claimants or possible claimants designated as party defendants.

"(c) If the plaintiff or his attorney annexes to the complaint in any such action an affidavit setting forth such facts and in addition sets forth the efforts which were made to ascertain the names and addresses as well as the interest or estates of the unknown persons, the court to which the action is brought or a judge thereof may make such order relative to the notice which shall be given in such cause as the court or judge deems reasonable. That notice having been given according to the order and duly proven shall be sufficient to confer jurisdiction of all such unknown persons and the court may proceed to a hearing of the cause at any time that it deems proper. The court shall not be required to appoint any guardian or other person to represent such unknown persons under any legal disabilities and all such persons shall be concluded by any decree or judgment in respect to the real or personal property involved in the action. . . ."

[4] In granting the motion, the trial court found that the plaintiff's affidavit for service of notice was insufficient, "completely lacking of any statement

The sole issue on appeal is whether the trial court lacked jurisdiction to open the judgment.[5] Specifically, the plaintiff claims that TEPA and Candlewood are non-party entities that lack standing. The plaintiff argues that TEPA and Candlewood do not have standing to file the motion to set aside or open the judgment because they are not parties to the proceeding, they have failed to file a motion for permission to be made parties to the proceeding and they have failed to present evidence from which the court could find that they had an interest in the subject real property. All of these factors, the plaintiff maintains, deprived the court of jurisdiction to set aside the default judgment. We do not agree.

"[The] plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion [requiring] . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Unisys Corp.* v. *Dept. of Labor*, 220 Conn. 689, 693, 600 A.2d 1019 (1991).

The question to be answered is whether the interest sought to be protected by the complaint is arguably within the zone of interests to be protected by the statute in question, and whether the party has alleged a colorable claim of injury to that interest. See *United Cable Television Service Corp.* v. *Dept. of Public Utility Control*, 235 Conn. 334, 345, 663 A.2d 1011 (1995). We

showing that the plaintiff undertook any efforts to locate the 'unknown persons' . . . and did not comply with the requirement of General Statutes § 47-31 (c)." The court concluded that "the insufficiency of the affidavit makes the order for publication and the default judgment void." A request for articulation was not filed.

[5] The issue as stated in the plaintiff's amended preliminary statement of issues provides: "Did the court, on September 19, 1994, under the circumstances of this case, lack jurisdiction necessary to open the judgment of May 8, 1989?"

examine the parties, not the merits of the action. *Manchester Environmental Coalition* v. *Stockton*, 184 Conn. 51, 64, 441 A.2d 68 (1981).

" 'Standing requires no more than a colorable claim of injury; a plaintiff ordinarily establishes his standing by *allegations* of injury. Similarly, standing exists to attempt to vindicate "arguably" protected interests.' " (Emphasis in original.) *Residential Capitol Corp.* v. *Reale*, 231 Conn. 500, 505, 652 A.2d 489 (1994), quoting *Maloney* v. *Pac*, 183 Conn. 313, 321 n.6, 439 A.2d 349 (1981).

"[T]he standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a 'proper party to request adjudication of the issues.'. . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Citation omitted.) *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 571, 651 A.2d 1246 (1995). A showing that one is a "proper party" can ordinarily be done by making a colorable claim that alleges a direct injury suffered or likely to be suffered in an individual or representative capacity. Id., 572.

The allegations of TEPA and Candlewood are sufficient to establish a colorable claim of a direct injury to their ownership interest in land located within the property that is the subject of the plaintiff's quiet title action.[6] Among other things, they allege under oath that they "own a parcel of property consisting of seventeen plus or minus acres known as The Pond Lot within the area claimed by [the] Plaintiff . . . [that they] have a deed to this property and a continuous chain of title which can be established . . . [and that their] property is located *within* the property to which [the] Plaintiff

---

[6] The moving parties attached an affidavit to their motion signed by one of the partners of TEPA, who is also one of the shareholders of Candlewood.

is seeking to quiet title." (Emphasis added.) We conclude that the allegations are sufficient to establish TEPA and Candlewood as "proper parties" to request adjudication of the issues.[7]

The granting of the motion to open is affirmed.

In this opinion the other judges concurred.

---

[7] In addition to the written allegations, TEPA and Candlewood also claim that a colorable claim of direct injury was shown by evidence presented to the court through the testimony of both lay and expert witnesses.