[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1996
This is a four-count complaint against the Glastonbury Bank 
Trust Company and a number of its individual officers and directors alleging generally in Counts One, Three and Four CT Page 5204-ZZ negligence and breach of fiduciary duty in failing to accept an acquisition offer by another bank.
On January 19, 1996 the individual defendants moved to dismiss Counts One, Three and Four of the complaint on the ground that this court lacks jurisdiction because the plaintiff Henry J. Stone, Jr. had no standing to assert these claims.
 I
Plaintiff initially objects to the motion on procedural grounds, namely that this court has jurisdiction over the subject matter of this action which is not affected by any claimed lack of standing by the plaintiff. However, it is well settled in Connecticut that in the absence of a plaintiff's standing the court lacks subject matter jurisdiction to determine the merits of an action, Sadloski v. Manchester, 228 Conn. 79, 83 (1993),Madison Hills Ltd. v. Town of Madison, 40 Conn. App. 404, 407
(1996).
 II
The defendants claim that Counts One, Three and Four should be dismissed on the ground that Stone lacks standing, because, as an individual shareholder, he cannot bring an action against a corporation's officers or directors for damages on the theory that mismanagement has negatively impacted the value of the corporation's stock. The defendants maintain that such an action can only be brought by the corporation or a shareholder in a derivative action because the injury actually belongs to the corporation, not the individual shareholder and in fact such a derivative action was initiated by plaintiff's wife. The defendants argue that a shareholder may bring an individual action only when he is owed some individual duty by the officers and that duty is breached, causing him a loss separate and distinct from that of the corporation or other shareholders.
Plaintiff claims that the injury he has suffered is separate and distinct from the harm suffered by the corporation and its shareholders who did not sell their stock, because he suffered losses when he sold the stock soon after the Bank had rejected the acquisition offer. As shareholder, he will not benefit from any recovery in a shareholder derivative action; indeed, he concedes that he could not bring a shareholder derivative action, but maintains that his action is of a different nature than a CT Page 5204-AAA derivative action because he is seeking damages from the directors, not the Bank, and he is alleging a harm that is unique to him.
 III
The distinction between individual and derivative actions was addressed by the Connecticut Supreme Court in Yanow v. TealIndustries, Inc., 178 Conn. 262 (1979). In that case, a sole minority shareholder brought both an individual and derivative action against a corporation and its majority shareholder, who was also a director, alleging that the defendants had depressed the value of the corporation's stock so that they could purchase it at a lower price. The trial court granted the defendant's motion to dismiss the individual action on the ground that an action alleging a reduction in stock value belongs to the corporation and can only be brought through a derivative action. The Supreme Court reviewed this decision and acknowledged the validity of this rule, stating that "individual stockholders cannot sue the officers at law for damages on the theory that they are entitled to damages because mismanagement has rendered their stock of less value, since the injury is generally not to the shareholder individually, but to the corporation — to the shareholders collectively." Id. 281. The court also noted that "if the injury is one to the plaintiff as stockholder, and to him individually, and not to the corporation, as where fraud perpetrated by the corporation has affected the plaintiff directly, the cause of action is personal and individual." Id., 281-82. The decision went on to hold that the plaintiff was entitled to bring the individual action because "these causes of action are based upon alleged unlawful acts relating solely tothe stock owned by the plaintiff, in violation of the fiduciary duty owed the plaintiff by the defendants, and they thus state individual, and not derivative claims." (Emphasis added.) Id.,
284.
In the present case, plaintiff has not alleged any breach of duty relating solely to the stock which he owned. The fact that he individually, chose to sell his stock at a particular market value at a particular time does not mean that the defendants have breached a duty owed solely to him. If the defendants breached any duty by rejecting the acquisition offer, such a breach would have affected all shareholders in the Bank proportionately. It must be concluded that plaintiff lacks standing to bring an individual action against the named directors because he has CT Page 5204-BBB failed to sufficiently allege that any alleged breach of duty by the directors caused him individual harm, as compared to other stockholders. Since plaintiff lacks standing, this court lacks subject matter jurisdiction to adjudicate this claim.
Defendants' motion to dismiss Counts One, Three and Four is granted.
WAGNER, J.