## WASHINGTON TRUST COMPANY *v.* MARIE D. SMITH
## (13416)

O'Connell, Foti and Lavery, Js.

Argued February 22—officially released July 30, 1996

*William F. Gallagher* and *Robert D. Tobin*, with whom were *S. Joel Suisman*, and, on the brief, *Andrew J. Brand* and *Raymond L. Baribeault, Jr.*, for the appellants (Spicer Plus, Inc., et al.).

*Donald E. Frechette*, for the appellee (plaintiff).

*Francis J. Pavetti*, with whom, on the brief, was *Jane W. Freeman*, for the appellee (intervening defendant Hendel's Investors Company).

FOTI, J. This is the appeal of the proposed defendants Spicer Plus, Inc. (Spicer), and John Holstein, trustee of City Discount Oil Nominee Trust (Holstein), from the judgment rendered by the trial court denying their motions to be made parties as of right[1] to the underlying foreclosure action, and confirming the foreclosure by sale. The appellees are the plaintiff, Washington Trust

---

[1] "The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make 'a colorable claim to intervene as a matter of right.'" *Winslow* v. *Lewis-Shepard*, 216 Conn. 533, 536, 582 A.2d 1174 (1990).

Company (Washington Trust), which is the holder of the mortgage being foreclosed, and the intervening defendant Hendel's Investors Company (Hendel's), the highest bidder at the foreclosure sale.

In February, 1990, the defendant, Marie D. Smith, executed a note to Washington Trust in the principal amount of $110,000. The note was secured by a mortgage on a parcel of land in North Stonington. Upon Smith's default, Washington Trust sought to foreclose the mortgage. A judgment of foreclosure by sale was rendered on December 9, 1993. On February 10, 1994, Holstein acquired Smith's equity of redemption by way of a quitclaim deed. A foreclosure sale was held on February 12, 1994. Hendel's was the highest bidder at the foreclosure sale and was therefore made a party defendant on February 18, 1994. Spicer operated a gas station and convenience store on the North Stonington property at the time of the December 9, 1993 judgment and on the date of the sale pursuant to a lease dated April 1, 1988; it was not named a defendant in the original complaint, nor did it move to intervene as a defendant before the sale took place. Spicer did, however, actively bid at the sale.

On February 16, 1994, Spicer attempted to redeem the property from Washington Trust. Likewise, on February 28, 1994, Holstein sought to exercise the equity of redemption; both attempts to redeem were rejected. On February 28, the trial court confirmed the foreclosure sale.[2] On that same day, Spicer and Holstein moved to be made defendants for the purpose of taking an appeal from the court's order confirming the sale. They claimed that the court lacked jurisdiction to confirm the sale because they had previously redeemed the premises. The trial court denied the motions.

On March 17, 1994, Spicer and Holstein timely filed this appeal from both the judgment confirming the sale

---

[2] The sale has been ordered stayed pending resolution of this appeal.

and the denial of their motions to be made defendants. On March 21, 1994, Spicer and Holstein filed a motion for articulation with the trial court, asking the court to articulate (1) whether Spicer or Holstein has a right to redeem the property; (2) if they did not possess such a right, why not; and (3) the reasons they were not considered necessary parties to the foreclosure action. A hearing on the motion for articulation was held on April 13, 1994, and the trial court filed a lengthy articulation on April 28, 1994.

In denying their motions to intervene, the trial court found that at the February 28, 1994 hearing neither Spicer nor Holstein "made any attempt to introduce, nor did they introduce any testimony or evidence whatsoever, in support of their motions to intervene, to establish what interests, if any, they had in the premises foreclosed, or regarding their alleged tenders to the plaintiff, to redeem." The trial court also concluded that the motions to intervene were untimely filed.[3]

As a preliminary matter, we address Hendel's challenge[4] to Spicer and Holstein's appeal contesting the judgment confirming the sale by foreclosure because they were not made parties to the underlying proceeding.

" 'Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause.' " *Monroe* v. *Horwitch*, 215 Conn. 469, 473, 576 A.2d 1280 (1990); *Housing Authority* v.

---

[3] The trial court also held, gratuitously, that the rights of redemption are extinguished with the "knockdown" of the sale; Spicer and Holstein argued that because they had each tendered payment in full prior to the trial court's confirmation of the sale on February 28, 1994, they had timely exercised their equity of redemption.

[4] Hendel's motion to dismiss was denied without prejudice to our consideration at the time of full hearing. The motion was not directed to the appeal taken from the judgment denying Spicer's and Holstein's motions to be made party defendants.

*Local 1161*, 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984).

"It is well established that the right to appeal is purely statutory and is accorded only if the conditions fixed by statute are met . . . . General Statutes § 52-263 provides that in proceedings before the Superior Court, 'if either *party* is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment . . . .' The right to appeal is therefore limited to *parties* who are aggrieved by a final judgment of the trial court." (Citations omitted; emphasis added.) *Durso* v. *Misiorek*, 200 Conn. 656, 660, 512 A.2d 917 (1986); see also *In re Juvenile Appeal (Anonymous)*, 181 Conn. 292, 293–94, 435 A.2d 345 (1980). The fact that the appellants may have participated in proceedings in the trial court does not make them parties or entitle them to appeal from the court's judgment. See *Hispanic Society* v. *New York City Police Dept.*, 806 F.2d 1147, 1153 (2d Cir. 1986), aff'd sub nom. *Marino* v. *Ortiz*, 484 U.S. 301 108 S. Ct. 586, 98 L. Ed 2d 629 (1988). Rather, as nonparties claiming to be adversely affected by a trial court's judgment, they must seek the court's permission to intervene for purposes of appealing that judgment. General Statutes § 52-107; Practice Book § 99.[5] Spicer and Holstein filed such motions to intervene.

We cannot separate Spicer and Holstein's appeal from the denial of their motions to intervene from their appeal of the order confirming the sale because the latter is dependent on the former. We must, therefore,

[5] Practice Book § 99 provides in pertinent part: "If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party."

General Statutes § 52-107 contains nearly identical language, providing in pertinent part: "If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

first address whether Spicer and Holstein have properly appealed from the judgment denying their motions to intervene.

"Any motion for intervention, whether permissive or of right, must be timely. . . . The timeliness of a motion for intervention, however, must be judged by all of the circumstances of the case. . . . In any event, an untimely motion for intervention of right is not transformed automatically thereby into a motion for permissive intervention. The right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion." (Citations omitted.) *Horton* v. *Meskill*, 187 Conn. 187, 193–94, 445 A.2d 579 (1982).

The trial court refused to join Spicer as a party because of its failure to exercise its right to intervene until after judgment of foreclosure had been rendered and the sale of the premises had taken place. The trial court articulated that "Spicer's motion was filed at an extremely late date in the foreclosure proceedings, and after the foreclosure sale had been held; notwithstanding that Spicer had been in possession of the premises foreclosed and had substantial advance notice of the sale, it had done nothing to seek party status prior to the sale date."

A sign was posted on the property on January 10, 1994, announcing the upcoming sale; as a tenant in possession of the property, Spicer had notice for at least one month before the sale took place. Moreover, Spicer was aware of a potential claim on February 4, 1994, when the plaintiff caused a subpoena duces tecum to be served upon it. Spicer, however, elected to bid actively at the sale rather than move to be made a party.

Holstein's motion to intervene was also filed at an extremely late date in the foreclosure proceedings and after the sale had taken place. Holstein acquired his interest in the property on February 10, 1994, as set

forth in a recorded quit claim deed. He, therefore, had the opportunity to move to intervene two days before the sale occurred.

Both voluntarily chose not to move to intervene until after the sale was completed, notwithstanding that their "interests" must have been equally threatened at an earlier date. Spicer and Holstein filed their motions two weeks after the sale. The trial court properly considered as a factor on the issue of timeliness the length of time that they knew or reasonably should have known of their "interests" in the case before moving for permission to intervene. The trial court found that although Spicer had notice as early as January 10, 1994, it did not file its motion to intervene until after it went to the foreclosure sale, bid thirteen times, and lost the bidding to Hendel's. In further weighing the evidence, the trial court recognized that Holstein acquired his interest shortly before the foreclosure sale, with knowledge that a sale was about to occur, and that possibly he might not be able to protect his "interest." We conclude that the trial court properly determined that their failure to intervene prior to the sale clearly shows that Spicer and Holstein did not move to protect their claimed interests in a timely fashion. See, e.g., *Horton* v. *Meskill*, supra, 187 Conn. 194.

The trial court also denied Spicer's and Holstein's motions to intervene because Spicer and Holstein failed to prove that they had direct and substantial interests in the property. To intervene successfully in a pending action, the movant bears the burden of proving all of the following elements: (1) the motion to intervene must be timely; (2) the movant must have a direct and substantial interest in the subject matter of the litigation; (3) the movant's interest must be impaired by disposition of the action without the movant's involvement; (4) the movant's interest must not be represented adequately by one of the existing parties to the action.

*Keith* v. *Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985), cert. denied sub nom. *Illinois Pro-Life Coalition, Inc.* v. *Keith*, 474 U.S. 980, 106 S. Ct. 383, 8 L. Ed. 2d 336 (1986); *Associated General Contractors, Inc.* v. *City of New Haven*, 130 F.R.D. 4, 11 (D. Conn. 1990); see also *Horton* v. *Meskill*, supra, 187 Conn. 192 n.7; *State Board of Education* v. *Waterbury*, 21 Conn. App. 67, 72, 571 A.2d 148 (1990).

In order to be heard on a motion to intervene, a movant must have standing; he must allege a colorable claim of injury, or an arguably protected interest that will be affected. See *Madison Hills Ltd. Partnership* v. *Madison*, 40 Conn. App. 404, 408, 670 A.2d 1332 (1996). Standing is a prerequisite to jurisdiction; it is "the legal right to set judicial machinery in motion. . . . [Standing requires] some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Unisys Corp.* v. *Dept. of Labor*, 220 Conn. 689, 693, 600 A.2d 1019 (1991).

Spicer and Holstein claim that as necessary parties to the foreclosure proceeding, they had colorable claims to intervention as of right. Spicer argues that, as a tenant of the property, it possessed the right to redeem the property by virtue of the doctrine of equitable subrogation. Holstein argues that as owner of the equity of redemption that was quitclaimed to him from Smith, he had a recognizable interest in the property.

General Statutes § 52-102 requires that the trial court make a person a party to the action "if that person is *necessary* for a complete determination or settlement of any question involved therein . . . ." (Emphasis added.) A necessary party is one having an interest in the controversy, who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice, by adjusting all the rights

involved in it. *Biro* v. *Hill*, 214 Conn. 1, 4–5, 570 A.2d 182 (1990).

Claiming an alleged interest that sets forth a colorable claim in order to establish standing to be heard on a motion to intervene meets the jurisdictional threshold of appealability. Spicer and Holstein claimed that as possessors of the equity of redemption they were necessary parties to the appeal. They claim that merely alleging that colorable claim was sufficient to require the court to grant, as a matter of law, their motion to intervene. We do not agree.

"An applicant for intervention has a right to intervene . . . where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) *Horton* v. *Meskill*, supra, 187 Conn. 195. The applicant has the burden of proving each of the four elements of intervention as of right; the lack of one element requires that the motion to intervene be denied. *United States* v. *36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir. 1985).

By way of analogy, the trial court stated that "persons seeking to intervene in other civil actions [other than administrative proceedings] should satisfy standards similar to aggrievement to establish that they will either gain or lose by the direct operation of a judgment, and similar elements of proof should be required." The court recognized that aggrievement must be pleaded and proven, with an evidentiary hearing to determine that issue, and concluded that "[i]ntervention also focuses on the person desiring to put his claim before the court and thus a hearing on a motion to intervene involves substantially similar issues to a hearing on aggrievement. Thus, before a person moving to intervene can put his claim before the court, he must show that he has an interest that a judgment of the court will

affect; the nature and extent of the proposed intervenor's interest also presents a question of fact."

The motions to intervene recited a claim that Spicer and Holstein had interests in the premises foreclosed, had tendered amounts to the plaintiff prior to the confirmation of the sale that were sufficient to redeem, and that their presence as party defendants was necessary for a full adjudication of the action.[6] The plaintiff disputed the underlying factual predicates of the motions filed.[7]

The trial court allowed the potential intervenors a full and fair opportunity to present any evidence they thought relevant and supportive of their motions but they chose not to do so.[8] They introduced no evidence or testimony that would allow the trial court to determine what interests they had and what effect the judgment of the court would have on those interests. They failed to sustain their burden of proof as no proof was offered.

We conclude that the trial court properly denied the motions to intervene because Spicer and Holstein neither proved their alleged interests nor timely filed their motions to intervene.[9]

The denial of the motions to intervene is affirmed and the appeal from the judgment is dismissed.

In this opinion O'CONNELL, J., concurred.

---

[6] Neither motion contained a verification, nor included any exhibits or attachments.

[7] Initially, the court denied the oral motion of Spicer and Holstein to be made parties; thereafter, the court vacated its ruling and ordered a rehearing on the written motions. The underlying factual predicates were disputed at all times by Washington Trust.

[8] The trial court "specifically and categorically rejected" any assertion by the proposed intervenors that they were denied the opportunity to present evidence.

[9] We, therefore, do not address the claims of Spicer and Holstein that they effectively and timely redeemed the property. See footnote 3.

LAVERY, J., dissenting. I respectfully dissent from the majority opinion, which affirms the trial court's denial of the motions to intervene filed by the proposed defendants, Spicer Plus, Inc., (Spicer) and John Holstein, trustee of City Discount Oil Nominee Trust (Holstein). I disagree with the majority's conclusion that the trial court properly denied the motions to intervene because the proposed defendants neither proved their alleged interests in the property nor timely filed their motions to intervene. The majority's conclusion deprives the owner of a leasehold interest and the owner of the fee of their respective rights to redeem without the opportunity to be heard. I would conclude that the proposed defendants alleged sufficient facts to support applications for intervention and that their right of redemption was not extinguished until the trial court confirmed the foreclosure sale.

I

The majority concludes that the trial court correctly denied the motions to intervene because Spicer and Holstein failed to sustain the burden of proving that they had direct and substantial interests in the property. I disagree with the majority's holding that a proposed party has the burden of *proving* an interest in the underlying litigation before he has the right to intervene. I would hold that a motion to intervene should be decided on the tendered pleadings and the trial court should have granted the proposed parties' motions on the basis of the allegations set forth therein.

"An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) *Horton* v. *Meskill*, 187 Conn. 187, 195, 445 A.2d 579 (1982). "Most of our cases discuss the admission of new parties as coming within the 'broad

discretion' of the trial court. E.g, *Manter* v. *Manter*, 185 Conn. 502, 507, 441 A.2d 146 (1981); *Jones* v. *Ricker*, 172 Conn. 572, 575n, 375 A.2d 1034 (1977); *Nikitiuk* v. *Pishtey*, 153 Conn. 545, 555, 219 A.2d 225 (1966). But there are also cases which make clear that intervention of right exists in Connecticut practice. *Richard* v. *Stanadyne, Inc.*, 181 Conn. 321, 322n, 435 A.2d 352 (1980); *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 695, 155 A. 850 (1931); *Bucky* v. *Zoning Board of Appeals*, 33 Conn. Sup. 606, 608, 363 A.2d 1119 (1976); *DeFelice* v. *Federal Grain Corporation*, 12 Conn. Sup. 199, 201 (1943). The nature of the right to intervene in Connecticut, however, has not been fully articulated. Where state precedent is lacking, it is appropriate to look to authorities under the comparable federal rule, in this case Rule 24 of the Federal Rules of Civil Procedure." Id., 192.

Under federal law, "[a]n application to intervene should be viewed on the tendered pleadings—that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits. *United States* v. *American Telephone & Telegraph Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980); *Lake Investors Development Group* v. *Egidi Development Group*, 715 F.2d 1256, 1258 (7th Cir. 1983)." *Williams & Humbert Ltd.* v. *W. & H. Trade Marks*, 840 F.2d 72, 75 (D.C. Cir. 1988). "All nonconclusory allegations supporting a motion to intervene are taken as true, absent sham, frivolity, or other objections." *Central States, Southeast & Southwest Areas Health & Welfare Fund* v. *Old Security Life Ins. Co.*, 600 F.2d 671, 672 (7th Cir. 1979).

In this case, Spicer's motion to intervene alleges that it leased the premises from the defendant and, prior to confirmation of the foreclosure sale, sought to redeem. Spicer claims that it was subrogated to the rights of the defendant by virtue of the doctrine of equitable

subrogation,[1] and sought to exercise its right of redemption on February 16, 1994, when it tendered the full amount necessary to redeem the mortgaged premises. Holstein's motion to intervene alleges that the named defendant quitclaimed all of her rights to the property, including her equity of redemption, to him and, prior to the confirmation of the foreclosure sale, he sought to redeem. Holstein also alleges that on February 28, 1994, he tendered the full amount necessary to redeem the mortgaged premises.

I would hold that the proposed party defendants have each alleged sufficient facts indicating a direct and substantial interest in the property, and each interest will be directly and immediately affected by the outcome of the underlying foreclosure action. Each proposed party sought to redeem the mortgaged premises and was refused by the plaintiff.[2] When the bank refused redemption, Spicer and Holstein were entitled to be made parties to the litigation such that each could prove the alleged interest and redeem. I disagree with the majority's conclusion that Spicer and Holstein have failed to sustain their burden of proof.

## II

The majority also concludes that Spicer and Holstein failed to file their motions to intervene in a timely manner because the motions were filed after judgment of

---

[1] The doctrine of equitable subrogation is designed to promote and accomplish justice, and is the mode that equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. As now applied, the doctrine includes instances in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. *Westchester Fire Ins. Co. v. Allstate Ins. Co.*, 236 Conn. 362, 371, 672 A.2d 959 (1996).

[2] The pleadings suggest that the plaintiff had a significant incentive to refuse the proposed party defendants' offers to redeem. The plaintiff held a $700,000 certificate of attachment on the premises that was subsequent and subordinate to the mortgage's being foreclosed.

foreclosure had been rendered and the sale of the premises had taken place. The majority holds that the failure of a proposed party to protect his interest in property prior to the foreclosure sale precludes intervention and extinguishes his right of redemption. I would conclude that both Spicer and Holstein had the right to intervene prior to confirmation of the sale because the right of redemption is not extinguished until the trial court approves the sale.

In *Horton* v. *Meskill*, supra, 187 Conn. 193–94, our Supreme Court stated: "Any motion for intervention, whether permissive or of right must be timely. See Fed. R. Civ. Proc. 24. The timeliness of a motion for intervention, however, must be judged by all of the circumstances of the case. See *NAACP* v. *New York*, 413 U.S. 345, 366, 93 S. Ct. 2591, 37 L. Ed. 2d 648 (1973); *Hodgson* v. *United Mine Workers of America*, 473 F.2d 118, 129 (D.C. Cir. 1972). In any event, an untimely motion for intervention of right is not transformed automatically thereby into a motion for permissive intervention. The right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion. *Ricard* v. *Stanadyne, Inc.*, supra, 323–24. See 7A [C.] Wright & [A.] Miller, Federal Practice and Procedure § 1916; 3B [J.] Moore, Federal Practice § 24.13 [1]. *As a general matter, the timeliness requirement is applied more leniently for intervention of right than for permissive intervention because of the greater likelihood that serious prejudice will result.* See *Alaniz* v. *Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.), cert. denied, 439 U.S. 837, 99 S. Ct. 123, 58 L. Ed. 2d 134 (1978); *Diaz* v. *Southern Drilling Corporation*, 427 F.2d 1118, 1126 (5th Cir. 1970)." (Emphasis added.)

The dispositive issue in this appeal is whether Spicer and Holstein possessed an interest in the property when they filed their respective motions to intervene, or whether their respective rights of redemption were

extinguished by the foreclosure sale. In *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 120, 629 A.2d 410 (1993), our Supreme Court restated the general rule that a foreclosure sale is not completed until the sale has been confirmed and ratified by the court. See also *Raymond* v. *Gilman*, 111 Conn. 605, 613–14, 151 A. 248 (1930); *New England Savings Bank* v. *Loubier*, 6 Bankr. 298, 303 (D. Conn. 1980). The ratification or confirmation of the sale is, therefore, a condition precedent to any operative effect arising out of the sale. *Mariners Savings Bank* v. *Duca*, 98 Conn. 147, 153, 118 A. 820 (1922). "Redemption by the owner of property annuls the sale and defeats the title of the purchaser threat." 55 Am. Jur. 2d, Mortgages § 901 (1971).

Spicer and Holstein filed their motions to intervene on February 28, 1994, after the foreclosure sale but prior to the trial court's confirmation of the sale. Prior to their motions to intervene, each had attempted to redeem the property by way of full payment of the foreclosed mortgage, but the plaintiff rejected each attempt. By filing their motions to intervene, both Spicer and Holstein sought a court order to permit them to redeem. Our cases indicate that the right of redemption is not extinguished until the court approves the foreclosure sale. Once redemption is made, the trial court is without authority to approve the sale. Spicer's and Holstein's motions were timely because they alleged that they tendered full payment on the foreclosed property. When the bank refused the tender of the full amount to redeem, Spicer and Holstein were entitled to be made parties. If the plaintiff had accepted the tender, there would be no need to intervene and hold a hearing on the committee sale except to set the committee fees and expenses. There would be no sale.

The majority opinion denies Spicer and Holstein their rights to full adjudication of their property interest in this matter. The conclusion reached by the majority is

especially bothersome because both Spicer and Holstein allegedly attempted to redeem the property prior to filing their respective motions to intervene. I would conclude that the trial court improperly denied Spicer's and Holstein's motions to intervene in this action.

I would reverse the judgment of the trial court and remand this case for further proceedings.