[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 12, 1995, the plaintiff, Gail Stefania, filed a revised complaint against Schindler Elevator Corporation and Knights of Columbus arising out of the operation and maintenance of an elevator which malfunctioned and resulted in personal injuries to Stefania.[1] On October 10, 1996, Stefania filed a motion to cite in ITT Hartford, the workers' compensation provider for Knights of Columbus, as a party defendant, to assert a claim for unfair trade practices (CUTPA) and unfair CT Page 12091 insurance practices (CUIPA).
Stefania alleges the following facts in her proposed amended complaint dated October 7, 1996 as to ITT Hartford. On November 1, 1993, Stefania was travelling on an elevator in the Knights of Columbus building when the elevator malfunctioned, causing injuries to Stefania. On November 6, 1993, Stefania filed a claim for benefits against Knights of Columbus, under the Workers' Compensation Act. Knights of Columbus accepted the claim and subsequently provided payments to Stefania. On May 3, 1996, May 8, 1996 and May 10, 1996, Stefania sought authorization from Knights of Columbus and ITT Hartford for further medical treatment for injuries caused by the aforementioned accident. On the above-mentioned dates, Stefania contends that a representative of Knights of Columbus, related to Stefania that she recognized the necessity of medical treatment. Nevertheless, Stefania's benefits could not be authorized then because ITT Hartford and Knights of Columbus have a policy of not authorizing benefits without requiring an injured employee's attorney to seek and attend a formal workers' compensation hearing. When Stefania specifically asked her employer whether she could have the physical therapy and the medication, she was told that it was a "game" in which her lawyer had to request a hearing and then the Commissioner would have to decide the issue.
Stefania claims the practice of requiring claimants to go to a hearing in order to claim workers' compensation benefits, which the defendant knows it is obligated to provide, constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq. and the Connecticut Unfair Insurance Practices Act, General Statutes § 38-815 et seq.
On October 15, 1996, Knights of Columbus filed an objection to Stefania's motion to cite in ITT Hartford.[2] Knights of Columbus also objects to Stefania's attempt to amend her complaint, which adds a CUTPA and CUIPA claim against Knights of Columbus, by attaching said complaint to the motion to cite in.
Stefania moves to cite in ITT Hartford, as a party defendant. General Statutes § 52-102 states, in pertinent part, that: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person . . . has or claims an interest in the controversy . . . [or] is necessary for a complete determination or settlement of any question involved therein . . . ." "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v.American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980). The court may CT Page 12092 consider such factors as the timeliness of the motion, the possibility of prejudice to the other defendant and whether the proposed defendant's presence will enable the court to make a complete determination of the issues. A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14,561 A.2d 142 (1989).
Knights of Columbus argues that Stefania's motion to cite in ITT Hartford as a party defendant should be denied because Stefania's additional proposed claims against ITT Hartford and Knights of Columbus are not relevant to the present lawsuit. The present case arises out of alleged negligence and other misconduct regarding the maintenance of an elevator. The motion to cite in ITT Hartford, however, concerns claims regarding the payment of workers' compensation benefits. ITT Hartford's presence in the action is not necessary for a complete determination of that controversy, thus ITT Hartford is not a necessary party. "A necessary party is one having an interest in the controversy, who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice, by adjusting all the rights." Washington TrustCompany v. Smith, 42 Conn. App. 330, 338, 680 A.2d 988 (1996); see alsoBiro v. Hill, 214 Conn. 1, 4-5, 570 A.2d 182 (1982). In the negligence action, the only necessary parties are the Knights of Columbus and Schindler Elevator Company, the parties whose alleged negligence caused the accident. The relevant evidence presented in that action will have to do with duties of care, negligent action or inaction, and the operation, control and ownership of an elevator. This evidence has nothing to do with the plaintiff's subsequent claim against ITT Hartford.
Furthermore, the addition of ITT Hartford to the action as a party defendant may cause prejudice to Knights of Columbus and ITT Hartford. "Generally in negligence actions, evidence that the defendant carries liability insurance is inadmissible." Magnon v. Glickman, 185 Conn. 234,242, 440 A.2d 909 (1981). Allowing the defendant's insurance carrier into the action is akin to permitting evidence that the defendant carries liability insurance.[3]
Stefania's motion to cite in ITT Hartford is denied because its addition to the litigation could cause unnecessary confusion of the negligence issues, and its presence could be unduly prejudicial to the Knights of Columbus and ITT Hartford.
Zoarski, J. Judge Trial Referee