[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Chong Bok Park, the plaintiff, suffered a "catastrophic injury to his right eye" while on the job as an asbestos remover for Kesco Manpower Company. See Memorandum of Decision Re: Hearing in Damages (#168) in Parkv. Hartford Structures, Inc. et al., Judicial District of Hartford/New Britain at New Britain, Docket No. CV 94 463040, p. 1 (Park I).[1]
Because his employer did not carry worker's compensation insurance, the Second Injury Fund (the Fund) paid out approximately $165,000 to the plaintiff for his medical bills, lost wages and incapacity or disability.[2]
CT Page 6929
Park I was the plaintiff's suit against various third parties who he claimed were liable to him for the damages he suffered as a result of this injury. One of those parties was Coastal Energy, Inc. (Coastal). Commerce Industry Insurance, the defendant in this case (CI), was Coastal Energy's insurer and provided counsel to defend it until a few months before the trial scheduled in Park I. At that point, claiming that the limits of Coastal's policy had been exhausted by payments made on an unrelated claim, CI refused any longer to indemnify or defend Coastal in Park I. Coastal's counsel was permitted to withdraw; Coastal declined to hire new counsel and was defaulted, and a judgment by default was entered against it in the amount of $792,898.89 after a hearing in damages. Id., p. 8. Coastal executed an assignment to the plaintiff of rights it might have against its insurer, CI.
This action (Park II) is the plaintiff's attempt to collect on the judgment entered in Park I. It alleges that the defendant and its parent company, AIG, Inc., breached their obligation to act in good faith toward their insured, violated Connecticut's CUIPA and CUTPA statutes, were negligent and breached their contract with Coastal. It also relies on the right of a judgment creditor in an action for damages for death, personal injury or property damage to bring a direct action against the insurer of its judgment debtor, pursuant to C.G.S. § 38a-321. Each count except for count five, which proceeds under § 38a-321, alleges that the plaintiff "seeks satisfaction of the" default judgment "by virtue of the assignment of rights and claims [by Coastal to the plaintiff] and/or by virtue of the judgment entered by the Superior Court" in Park I.
Pursuant to C.G.S. § 31-293 (a) the Fund had intervened in Park I to enforce its "statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor". Durniak v. August Winter Sons, Inc., 222 Conn. 775, 779 (1992). It also gave written notice to the parties in that case, pursuant to the same statute, of its claim to a lien on the proceeds of the action.[3] When the case was resolved by way of the judgment by default, although the court's memorandum of decision did not mention the Fund in entering judgment for the plaintiff against Coastal, the file shows that a copy of the decision was sent to the Fund via its counsel, recognizing the Fund's continuing interest in the matter as the subrogee of the plaintiff's recovery.
Now the Fund has moved to join this action as a party plaintiff, pursuant to C.G.S. §§ 52-101 and 52-102. It claims that it has a legally cognizable interest in the subject of this action; viz., the enforcement of the judgment in Park I, by virtue of its lien and/or its subrogation rights. Moreover, it claims to be a necessary party to the action so that its joinder is mandatory under § 52-102 because its lien and/or subrogation rights make its presence "necessary for a CT Page 6930 complete determination or settlement of any question involved" in this case.
The plaintiff responds that the Fund's only vehicle to assert a claim to a portion of the proceeds recovered by him is § 31-293's allowance of intervention by an employer who has paid worker's compensation benefits (or the Fund in place of the employer) in a suit against a tortfeasor who might be liable to the plaintiff for damages. See Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375 (1997). Since this is not such a suit, the Fund has no place in it. Furthermore, whatever rights the Fund might have asserted by intervening in Park I were waived by its failure to assert them at the hearing in damages and by its withdrawal of its intervening complaint after judgment entered in Park I.[4]
Taking the last points first, once an intervening complaint has been filed, the Fund's subrogation rights under § 31-293 have been protected;[5] there is no requirement in the statute that it "assert" its rights by participating in the trial of the matter or, in this case, in the hearing in damages, and the plaintiff has cited no cases that stand for that proposition. In addition, since its right to share in the plaintiff' recovery was protected by intervention as well as by the lien letter, it was not necessary for it to be a party to the assignment. Finally, it is true, as the plaintiff argues, that, about a month after judgment entered, the Fund withdrew its intervening complaint in Park I. To the degree there is any significance to the withdrawal of the complaint after judgment entered, it is clear from the submissions of the parties that it was done in connection with the settlement by the plaintiff with another of the defendants in that action. I fail to see how it can be found to be a waiver of all of the Fund's claims in the plaintiff's recovery in Park I.
Whether or not the Fund's right to a share of the judgment against Coastal could only be asserted by intervention in Park I begs the question this argument is intended to answer. The Dodd case stands for the proposition that, where the injured employee, rather than suing the tortfeasor, sues his own insurance carrier for the uninsured motorist benefits provided for in his contract of insurance, the Fund cannot intervene because of the language and legislative history of §31-293 (a).[6] Here, however, the plaintiff sued the alleged tortfeasors, and the Fund properly intervened. Having received a judgment in that action, a judgment in which the Fund would undoubtedly have shared had it been satisfied, the plaintiff now seeks to enforce that judgment by way of this action. Neither the holding nor the reasoning ofDodd answer the question posed by this distinctly different case: Can an employer (or, in its place, the Fund) which has asserted its right to share in a recovery in a suit against the putative tortfeasor by CT Page 6931 intervening therein, as required by § 31-293 (a), join a later action the purpose of which is to enforce the judgment secured against the tortfeasor? Simply put, Dodd does not govern the outcome in this case because the Fund is not proceeding under § 31-293 but under the joinder statutes.
"To intervene successfully in a pending action, the movant bears the burden of proving all of the following elements: (1) the motion to intervene must be timely; (2) the movant must have a direct and substantial interest in the subject matter of the litigation; (3) the movant's interest must be impaired by disposition of the action without the movant's involvement; (4) the movant's interest must not be represented adequately by one of the existing parties to the action."Washington Trust Company v. Smith, 42 Conn. App. 330, 336 (1996).
The Fund's motion to join is timely. Although the action has been pending since October 1998, it is not scheduled for trial until December 2001. It was not until February of this year that the Fund was put on notice by the plaintiff that settlement discussions were proceeding apace, and, if it intended to assert an interest in any recovery in this action, it should move to intervene. Plaintiff's Supplemental Objection to Second Injury Fund's Motion for Joinder, p. 5. The Fund's motion to join was filed in March 2001. less than 60 days later.[7]
The Fund has a "direct and substantial interest in the subject matter of the litigation" by virtue of its compliance with § 31-293 (a) in asserting its right to a share of the proceeds of Park I. It has a lien on that judgment.[8] Since this suit is one to realize the judgment in Park I, and the Fund had an undeniable interest in that judgment, how can it not have a like interest in this action?
The Fund's interest will be "impaired by disposition of [this] action without [its] involvement". It is clear from the papers filed by the plaintiff in opposition to the Fund's motion that he and the other parties to this action having been working hard to settle it without the Fund's participation. Serious discussions as well as efforts to settle via mediation have been going on in the Fund's absence. Id. Should the parties resolve the matter without the Fund's involvement, either by settlement or trial, the Fund's claim for reimbursement of the approximately $165,000 it has already paid the plaintiff will be ignored, and funds to satisfy it will not be included in any judgment or settlement.
Nor is the Fund's interest "represented adequately by one of the existing parties to [this] action". Normally, the injured employee and his employer share the same interest, to maximize recovery from the CT Page 6932 tortfeasor. It is clear, however, from the vigorous opposition mounted by the plaintiff to the Fund's motion to join this action that the plaintiff does not recognize any claim by the Fund to share in any recovery. Without questioning the good faith of the plaintiff's claims that the Fund has no legally cognizable interest in this matter, I think it is nevertheless obvious that he cannot "adequately represent" his own interests and those of the Fund.
Another way to look at the issue here is by specific reference to the concept of a necessary party under C.G.S. § 52-102. "General Statutes § 52-102 requires that the trial court make a person a party to the action `if that person is necessary for a complete determination or settlement of any question involved therein. . . .' (Emphasis added.) A necessary party is one having an interest in the controversy, who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. Biro v. Hill, 214 Conn. 1, 4-5, 570 A.2d 182 (1990)."Washington Trust Company v. Smith, supra, 42 Conn. App. 337-38. Without joining the Fund in this action so that its claim to a share in the proceeds may be resolved the "entire controversy" will not be finally determined. It is predictable that the Fund will commence further litigation to obtain reimbursement of the very substantial payments it has made to the plaintiff. While the avoidance of further litigation alone may not justify the Fund's joinder in the absence of a legally cognizable interest, I conclude that its actions in Park I to protect its claim to the plaintiff's recovery therein give it such an interest.
Finally, I must address the public policy against double recovery which the Fund claims would be violated were it not joined in this action. Having been paid about $165,000 by the Fund, the plaintiff also secured a judgment of $792,898.89 against the tortfeasor, Coastal, which included both economic and non-economic damages of the same genus if not the identical species as the losses for which payment was made to him by the Fund. That there is a "very strong public policy prohibiting double recovery" by an injured employee, Pokorny v. Getta's Garage, 210 Conn. 439,459 (1991), and in favor of the employer's or Fund's recovery of payments it has made out of the recovery from the tortfeasor cannot be doubted. See, e.g., Durniak v. August Winter Sons, Inc., supra, 222 Conn. 779-780. Although the plaintiff points to cases in which double recovery by an injured employee was at least potentially permitted, in each of the cases he cites, except Dodd, supra, the employer failed to take the action required to protect its interests. See Skitromo v. Meriden Yellow CabCo., 204 Conn. 485 (1987); Smith v. Otis Elevator Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV90-275369 (Feb. 28, 1994). CT Page 6933
Even in Dodd the Court was at pains to point out that the potential for double recovery was reduced if not eliminated by an insurance regulation which permitted carriers to setoff against their payments of uninsured motorist benefits any recovery an insured might have made via worker's compensation. Dodd v. Middlesex Mutual Assurance Company, supra,242 Conn. 387-89.[9]
To exclude the Fund from participation in this case would permit double recovery by the plaintiff in a case where the Fund has done all that it could to assert its "right to proceed against a wrongdoer to recover worker's compensation payments made to the employee". Dodd v. MiddlesexMutual Assurance Co., supra, 242 Conn. 388.
For all of these reasons the Fund's motion for joinder is granted.
BY THE COURT
SHORTALL, J.