[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Gallagher Buick-Pontiac-GMC, Inc., moves to strike the seventh count of the amended complaint in this wrongful death action. The complaint also contains counts pertinent to other defendants which counts are immaterial to this motion. Because of the movant's misunderstanding concerning the operative amended complaint, its written motion to strike refers to the ninth and tenth counts, but the parties agree that it is the seventh count to which the motion is properly directed.
The basis for this motion to strike is the absence of a purportedly necessary party. Some background information is required to put the motion in context. The plaintiff, Angela Phelan, administratrix of the estate of Christopher A. Phelan, commenced this action in January 2001. The original complaint included a product liability claim against DaimlerChrysler Motor Corp. (DaimlerChrysler) for the manufacture and sale of an allegedly defective 1994 Jeep Wrangler. The complaint also asserted such a claim against the movant which is the seventh count of the current amended complaint.
On May 21, 2001, the court, Bishop, J., ordered jury selection to begin on July 1, 2003, but also required the parties to be prepared, with thirty days notice, to begin jury selection any date after December 1, 2002. On July 3, 2002, the court, Sferrazza, J., ordered jury selection rescheduled to begin on January 12, 2003. On August 1, 2002, the plaintiff withdrew the claim against DaimlerChrysler. During the eighteen months that DaimierChrysler was a party to this action, the movant never filed a cross-claim against DaimlerChrysler for indemnification or contribution which it could have done. Malerba v. Cessna Aircraft Co.,210 Conn. 189, 198 (1989); Gajewski v. Pavelo, 229 Conn. 829, 832
(1994).
On August 8, 2002, the Gallagher Buick moved to implead DaimlerChrysler back into the case. On October 17, 2002, the court denied that motion. The movant has appealed from that denial. Also, the movant has commenced CT Page 16214 a separate action against DaimlerChrysler.
The movant contends that DaimlerChrysler is a necessary party to the product liability claim against the movant. "A necessary party is one having an interest in the controversy, who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it." WashingtonTrust Company v. Smith, 42 Conn. App. 330, 337 (1996). However, if the outsider's interests are separate so that the court can enter judgment without affecting the nonparty's rights, that outsider is not a "necessary" party to the action. Biro v. Hill, 214 Conn. 1, 5 (1990). Only if the nonparty's presence is "absolutely required in order to assure a fair and equitable trial," is that outsider a "necessary" party. Id.
There is no statute or case decision which requires a plaintiff to bring a product liability suit against a manufacturer in addition to the vendor of an allegedly defective product. Unlike an ordinary negligence action, there is no apportionment provision with respect to product liability. Under General Statutes § 52-572o (a), a so-called "pure" comparative responsibility scheme is set forth whereby a plaintiff's
award of damages may be reduced, but not barred, proportionally to that claimant's own fault. Subsection 52-572o (b), permits the fact-finder to ascertain the percentage of responsibility allocated to each party, but liability for damages is not apportioned among tortfeasors. Rather, under § 52-572o (d), each tortfeasor remains jointly and severally liable to the plaintiff for the entire amount of damages, less any reduction due to the plaintiffs own fault, regardless of the percentage of responsibility allocated to each tortfeasor. Finally, by virtue of §52-572o (e), a liable defendant who pays or agrees to pay the judgment can commence a separate action, within one year, for contribution by other tortfeasors. CT Page 16215
That others may share some responsibility for the defective product which allegedly injured the plaintiff in no way obligates a plaintiff to bring or maintain a claim against every possible tortfeasor in order to obtain a full judgment which completely resolves the plaintiff's
controversy with the tortfeasor who was sued. The existence of a procedural opportunity for a defendant who is found liable to seek contribution or indemnification from third persons does not make those nonparties "necessary" to the plaintiffs suit against that defendant.
The motion to strike is denied.
___________________, J. Sferrazza CT Page 16216