IN RE JUVENILE APPEAL (ANONYMOUS)

(two cases)

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 8—decision released June 24, 1980

*Cornelius F. Tuohy,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (commissioner of children and youth services).

*Michael J. Mannion,* with whom, on the brief, was *Karin Ne-Jame,* law student intern, for the appellee (Superior Court).

PER CURIAM. The commissioner of children and youth services appeals from orders of the Superior Court for Juvenile Matters in the judicial district of Danbury. Since the pertinent facts and the legal issues in both cases are identical we decide both in one opinion.

After holding hearings on petitions of alleged delinquency, the court, *Moraghan, J.,* in these cases adjudged the juveniles who are the subject of these appeals delinquent and ordered the children to be placed with the commissioner of children and youth services (hereinafter the commissioner). In its order concerning docket No. 9429, the court directed placement in the security wing of Long Lane School

until placement at Connecticut Junior Republic, Woods Lane School or Mount St. John School, or until some other appropriate placement could be found. The court in its order further required that no placement out of Long Lane School be made without the consent of the Superior Court.[1]

The commissioner has appealed from those portions of the orders which prescribe and, to use his words, "[require] him to comply with the Superior Court's treatment plan[s]." The commissioner argues that the Superior Court exceeded its authority in issuing orders of commitment which direct him to comply with "treatment plans" for children adjudicated delinquent and committed to the department of children and youth services. Furthermore, the commissioner contends that the court's orders violated the separation of powers provision of the Connecticut constitution.

A preliminary question raised in these appeals is whether the commissioner has standing to raise his challenges on appeal. It is settled law that the right to appeal is purely statutory and is allowed only if the conditions fixed by statute are met. *Zachs* v. *Public Utilities Commission,* 171 Conn. 387, 394, 370 A.2d 984; *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797. Appeals of juvenile matters from the Superior Court are gov-

[1] The court's order in docket No. 9432 was: "The Commissioner of the Department of Children and Youth Services is directed to place Jane Doe at New Hope Manor, Graymoor, Garrison, New York. He is further directed that if Jane Doe leaves New Hope Manor or is discharged as an unsuccessful candidate that she be presented before the Court under Sec. 17-420 for a Hearing to determine whether she should be imprisoned at Niantic State Farm for the balance of the term (two years total). It is also directed that she be examined and evaluated to determine drug dependence."

erned by General Statutes § 46b-142 (b) which provides in pertinent part: "any party at interest aggrieved by any final judgment or order of the court may appeal to the supreme court . . . ."

The term "party at interest" is not defined in the General Statutes nor has this phrase been construed by this court in the present context. The commissioner does not claim to have been a party to or even a participant at the proceedings prior to or at the time of the entry of the court's adjudications of delinquency and the orders at issue here. The delinquency petitions were brought by Michelle Wittstein, a probation officer. Probation officers are appointed by the judges of the Superior Court; General Statutes § 46b-123; and thus cannot be considered members of the department of children and youth services.

The commissioner, however, urges that this court look to its rules of practice concerning juvenile matters to define "party at interest." Practice Book, 1978, § 1023 (*l*) defines the term "party" to include: "(1) The child who is the subject of the proceeding . . . . (2) 'Equitable party at interest': Any person whose interest in the matter before the court is not of such a nature and kind as to entitle him to legal service as a prerequisite to the court's jurisdiction over the proceeding but whose participation therein, at the discretion of the court, may promote the interests of justice. . . . (3) 'Legal party at interest': Any person, including a parent, whose legal relationship to the matter pending before the court is of such a nature and kind as to mandate the receipt by him of proper legal notice as a condition precedent to the establishment of the court's jurisdiction."

The commissioner is clearly not within the first category. Nor does he claim to be "an equitable party at interest," a category which encompasses such individuals as a putative father or a non-custodial grandparent, whose interest is such that legal service of a petition is not a prerequisite to the Superior Court's jurisdiction, but who, in the interests of justice, has been allowed to participate in the proceeding before the court.

The commissioner does contend that he is a legal party at interest pursuant to Practice Book, 1978, § 1023 (*l*) (3) in that he is a person who is entitled to receipt of proper legal notice as a condition precedent to the Superior Court's jurisdiction. This claim, however, is based solely on the fact that the commissioner was served with a mittimus committing the delinquents to his custody upon their adjudication as delinquents. The commissioner was not given notice of these proceedings nor was he entitled to such notice as a condition precedent to the court's jurisdiction over these cases. He is entitled only to service of a delinquency petition if the juvenile is in his custody at the start of the proceeding or comes into his custody prior to judgment. See General Statutes § 46b-121; Practice Book, 1978, §§ 1023 (j) (5), 1024, 1025, 1027 and 1028. Since the commissioner does not fit into any of the aforementioned categories which define "party" for purposes of juvenile matters, he cannot be deemed a "party" and if such is the case, a fortiori, he is not a "party at interest" so as to fall within the appeals provisions of General Statutes § 46b-142 (b).

Nonetheless, the commissioner further argues that General Statutes § 46b-143 which requires the clerk of the Superior Court to send a copy of a

juvenile appeal to him is somehow a grant of a statutory right to bring an appeal. No such statutory grant is at all apparent in this statute. Either the commissioner of children and youth services *or* the commissioner of human resources is accorded notice. The clear purpose of § 46b-143 is to give notice of an appeal which has already been taken by a party at interest, and does not confer standing to take an appeal. The notice requirement in the statute applies to all juvenile appeals, not only to those where the child has been placed with the commissioner.

The appeals are dismissed.