ANGELINA CARACANSI *v.* FRANK A. CARACANSI
(2601)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued May 8—decision released August 6, 1985

*William F. Gallagher,* with whom, on the brief, were *Lawrence J. Merly* and *Elizabeth A. Gallagher,* for the appellant (defendant).

*Lloyd Cutsumpas,* with whom was *Thomas W. Beecher,* for the appellee (plaintiff).

DUPONT C.P.J. This appeal arises from an action seeking the dissolution of a marriage. The parties' one marriage has generated a potpourri of eighty-eight pendente lite and postjudgment pleadings, and three

appeals. The trial court, *Ford, J.,* rendered a judgment which awarded the plaintiff wife unallocated alimony and support of $26,700 annually, and transferred the marital residence to her as lump sum alimony. The court also awarded the wife 50 percent of the profits from land under development by the husband in a joint venture with others. The husband was also ordered to procure a $150,000 life insurance policy, naming his wife and his children as cobeneficiaries until such time as he had no obligation for alimony and support to any of them.

Two postjudgment orders rendered by the trial court, *Sullivan, J.,* one providing for an award of attorney's fees to the wife to defend the appeal and the other requiring the husband to make certain payments to the wife in the context of a contempt motion, were the subjects of an amended appeal filed by the husband pursuant to Practice Book § 3062.

At the time of the dissolution, the parties had been married for twenty years, and had three children between the ages of twelve and eighteen. The husband was a self-employed certified public accountant who employed twelve people, and the wife was a high school graduate who had not been employed outside the home except as a cashier during the pendency of the action. The husband's earnings were a source of factual dispute, but, according to the wife's accountant, may have been approximately $104,000 per year. The wife testified that her income was approximately $5300 per year. The husband's financial affidavit in May of 1983, when the trial began, indicated that he had total assets of approximately $387,000, and liabilities of approximately $25,000; the wife's financial affidavit showed total assets of approximately $75,000 which included a one-half interest in the marital home valued at approximately $13,500 more than the husband valued

the same interest in his financial affidavit. Her affidavit also states that her liabilities were approximately $7000.

On appeal, the husband claims that the trial court erred (1) in awarding the wife alimony, including lump sum alimony, on the basis of a factual finding, unsupported by the evidence, that the husband's income exceeded $100,000 per annum, (2) in ordering the husband to procure and maintain a life insurance policy for the benefit of the wife and the minor children of the marriage with the children named as beneficiaries on the policy after they reach the age of majority, (3) in awarding counsel fees to the wife to prosecute the dissolution proceedings and awarding counsel fees to the wife to defend the husband's appeal, and (4) in ordering the husband to make retroactive payments to the wife, where those payments were never ordered pendente lite, or pursuant to the dissolution judgment, or in postjudgment proceedings, and where the trial court was without jurisdiction to order those payments in the context of a contempt motion.

The husband claims that the trial court erred in its award of alimony because that award was premised on a factual finding, unsupported by the evidence, that his income exceeded $100,000. He concedes that the trial court's memorandum of decision contains no reference at all to his income. The trial court's memorandum of decision does not specifically discuss how it arrived at the award of alimony.

There is no basis on which to find error in the court's alimony determination because the factual basis for the award is not delineated in the memorandum of decision and the husband did not move, pursuant to Practice Book § 3082, for an articulation from the trial court as to the factual basis for the award of alimony. *Newington* v. *General Sanitation Service Co.,* 196 Conn. 81,

84, 491 A.2d 363 (1985); *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983); *In re Juvenile Appeal (85-1),* 3 Conn. App. 158, 161, 485 A.2d 1355 (1985); *Holmes* v. *Holmes,* 2 Conn. App. 380, 383, 478 A.2d 1046 (1984). Left only to speculate as to whether the trial court found as a fact that the plaintiff's income exceeded $100,000 and further that it based its alimony award on this finding, this claim of error will not be reviewed.

The wife concedes that the trial court erred in ordering that the children continue to be named as cobeneficiaries on the husband's life insurance policy after they reached the age of majority. The wife contends that this error can be rectified in the context of a limited remand to the trial court for the sole purpose of deciding how much of the $150,000 life insurance policy was intended to be security for the payment of child support, and therefore by what amount the life insurance policy can be decreased as each child reaches the age of majority.

The raison d'etre for the trial court's order insofar as the children were concerned was to secure continued child support by requiring that each child be named as a beneficiary on the life insurance policy. See *Eldridge* v. *Eldridge,* 4 Conn. App. 489, 495 A.2d 283 (1985). Such an order, limited to the child's minority, is proper. *Broaca* v. *Broaca,* 181 Conn. 463, 465, 435 A.2d 1016 (1980). Here, the life insurance policy served solely as a means to secure payment of child support and alimony since the duty to procure and maintain the policy ceases when the defendant is no longer responsible for alimony and support. The life insurance policy, therefore, was not part of the court's calculus for determining the financial awards rendered.

The present action is distinguishable from *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 477 A.2d 152 (1984),

which required the judgment to be set aside and the case remanded to the trial court for a new trial as to an award of alimony and the assignment of property. In that case, the judgment was rendered by the trial court in accordance with the stipulation of the parties. Such judgments are regarded as contracts. *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 429 A.2d 837 (1980); see *Hayes* v. *Beresford,* 184 Conn. 558, 440 A.2d 224 (1981); *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 488 A.2d 1290 (1985). In *Arseniadis,* the court, on the appellate record, could not conclude that the wife would have agreed to the settlement absent the provision that the children would remain as beneficiaries on the life insurance policy after reaching the age of majority. *Arseniadis* v. *Arseniadis,* supra. The scope of the remand there was by necessity broader than the remand required here since in this case the order concerning life insurance was solely security for the financial obligation.

The husband also asserts that the trial court erred in its two awards of counsel fees to the wife, one for prosecuting the dissolution action and the other for defending the husband's appeal. These claims will be addressed separately.

The factual basis for the trial court's award of attorney's fees for prosecuting the dissolution action is not given in the court's memorandum of decision. The husband did not move for an articulation from the trial court on this point. The husband attempts to avoid the consequences of failing so to move; *Holmes* v. *Holmes,* supra; by assuming that under General Statutes § 46b-62, the trial court considered his income to be in excess of $100,000 in deciding to award the wife attorney's fees. The husband is again arguing that the trial court found as a fact that his income exceeded $100,000. That argument is equally unavailing in the context of the award of attorney's fees to the wife for prosecution of her dissolution action.

The claim that the court erred in awarding the wife attorney's fees to defend the appeal, however, has merit. The record reflects that the trial court, *Sullivan, J.,* refused to consider the respective financial positions of the parties after Judge Ford's judgment in the dissolution action. This was error. *Koizim* v. *Koizim,* 181 Conn. 492, 500–501, 435 A.2d 1030 (1980); see *Holley* v. *Holley,* 194 Conn. 25, 34, 478 A.2d 1000 (1984); *Fisher* v. *Fisher,* 4 Conn. App. 97, 101–102, 492 A.2d 525 (1985).

The husband's last claim of error is that the trial court, *Sullivan, J.,* erred in ordering the husband to pay certain sums to the wife in the context of a post-judgment contempt hearing. Certain facts are relevant to this issue. Pendente lite orders were rendered in this case, providing that the husband pay shelter expenses for the family and unallocated alimony and support. The judgment dissolving the marriage and the orders issued incident thereto were rendered by the court on September 29, 1983. The husband timely appealed that judgment and thereby stayed the enforcement of that judgment pursuant to Practice Book § 3065. The wife moved to have the appellate stay terminated. The trial court on November 1, 1983, denied that motion, and instead reimposed the pendente lite orders.

In the interim, the wife filed a motion for contempt. The gist of that motion was that the husband had not complied with the dissolution judgment or the pendente lite orders from the time he took his appeal from the dissolution judgment. The court heard the motion for contempt on November 7, 1983, and did not find the husband in contempt, but did, however, order the husband to make certain payments for household expenses and car repairs.

The husband argues that Judge Sullivan's order amounted to a modification of the postjudgment orders rendered by Judge Ford, in the context of a contempt

hearing where the contempt motion was filed prior to the postjudgment orders. The husband contends that the trial court had no authority to modify those orders, absent a motion for modification being filed by the wife, and a showing of a substantial unforeseen change in circumstances. The wife, wisely, does not contest the fact that, before the trial court can modify such an order, the husband must have fair notice that this issue is to be litigated. *Hasbrouck* v. *Hasbrouck,* 195 Conn. 558, 560, 489 A.2d 1022 (1985); *Connolly* v. *Connolly,* 191 Conn. 468, 475, 464 A.2d 837 (1983).

Instead, the wife argues that the trial court's order simply required the husband to pay an arrearage found due and owing. The contempt motion was filed in October of 1983 prior to the postjudgment orders rendered by the original trial court. The appeal stayed the enforcement of the orders contained in the dissolution judgment, and, therefore, the only possible orders with which the husband could have been found not to be in compliance were the pendente lite orders, which "cease to exist once a final judgment in the dispute has been rendered because their purpose is extinguished at that time." *Connolly* v. *Connolly,* supra, 480; *Yontef* v. *Yontef,* 185 Conn. 275, 291, 440 A.2d 899 (1981); *Tobey* v. *Tobey,* 165 Conn. 742, 745, 345 A.2d 21 (1974); *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815 (1953). The court therefore erred in ordering the husband to make the payments in issue here to the wife.

There is error in part, the judgment is set aside as to the order concerning the maintenance by the defendant of a life insurance policy, as to the award of counsel fees rendered on November 7, 1983, and as to the sums found to be due by the trial court in the context of the contempt motion and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.