[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Jean Crocco and Putnam Associates, Ltd. (collectively, Crocco), have filed suit alleging vexatious litigation against the defendants, Steven and Terri Certilman (collectively, the Certilmans). In a prior action, the Certilmans had sued Crocco for tortious interference, emotional distress, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA").
The Certilmans' suit arose out of a real estate transaction, in which the Certilmans attempted to purchase a home from Louis and Judith Pauker (the Paukers). The Certilmans submitted an CT Page 4335 offer to the listing agent and received a document which they took to be a binding agreement of purchase. Subsequently, Crocco, a real estate broker, submitted a bid on the Pauker home to the same listing agent. Louis Pauker's employer, the Helena Curtis Corporation (Helena Curtis), was entitled to final approval of the property's purchase to the Certilmans. Because she believed that the listing agent would not convey the offer to Helena Curtis, Crocco decided to circumvent the listing agent and contacted Helena Curtis directly. After learning of the competing bids, Helena Curtis instituted a sealed bidding process. The Certilmans submitted the higher bid, but claimed that Crocco's actions were wrongful, raised the price of the property, caused emotional distress, and violated CUTPA.
After trial, the attorney trial referee found that the Certilmans did not have an enforceable contract and that Crocco had not acted wrongfully. As a result, Crocco was not liable for tortious interference, emotional distress, or CUTPA violations. The court found no error with the attorney trial referee's report and entered judgment on September 6, 1995. Certilman v. Crocco,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 114084 (September 6, 1995, Lewis, J.).
Crocco subsequently filed this suit for vexatious litigation, alleging that the Certilmans commenced the prior suit without probable cause and with malicious intent. Crocco further alleges that she has incurred legal fees and expenses and suffered other damages due to the Certilmans' actions. Plaintiff claims double and triple damages under General Statutes § 52-568.
Crocco filed a motion for summary judgment in July, 1996, which was denied. The Certilmans filed a cross-motion for summary judgment on the grounds that probable cause and/or reliance on attorney advice bar(s) suit for vexatious litigation. Both parties' memoranda of law incorporate their memoranda of law submitted with regard to Crocco's motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 633 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 4336 party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Citations omitted; internal quotation marks omitted.) Id., 202-03.
General Statutes § 52-568 provides for damages in vexatious or groundless suits. "Any person who commences and prosecutes any civil action or complaint against another. . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." General Statutes § 52-568.
"[A] vexatious suit action brought under General Statutes § 52-568 is governed by the same principles as apply in a malicious prosecution action." DeLaurentis v. New Haven,220 Conn. 225, 238 n. 3, 597 A.2d 807 (1991). "In Vandersluis v. Weil,176 Conn. 353, 356, 407 A.2d 982 (1978), [the Connecticut Supreme Court] stated: `A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor.'" Id., 248. "Advice of counsel is a complete defense to an action of malicious prosecution or vexatious suit when it is shown that the defendant made the complaint in a criminal action or instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advice was unsound or erroneous will not affect the result." Vandersluis v. Weil, 176 Conn. 353, 361,407 A.2d 982 (1978). "The existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law." (Internal quotation marks omitted.) Id., 356. "[W]hen the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law." DeLaurentis v. NewHaven, supra, 220 Conn. 252-53.
The Certilmans move for summary judgment on the ground that CT Page 4337 "no genuine issue of material fact exists and the defendants are entitled to judgment as a matter of law because: 1) the defendants relied upon the advice of their counsel, precluding liability for vexatious litigation; and 2) the underlying facts establish, as a matter of law, that the defendants had probable cause to pursue their claim against Jean Crocco and Putnam Associates, Ltd." (Cross-Motion for Summary Judgment.)
The Certilmans have submitted two affidavits in support of the cross-motion for summary judgment, a copy of the complaint in the prior action, uncertified excerpts from testimony in the prior action as well as other supportive documents. Crocco contends that the Certilmans have not introduced facts that would be admissible in evidence to support their position that the Certilmans relied on the advice of counsel, and that probable cause did not exist. Further, Crocco claims that the Certilmans are estopped from arguing that probable cause did exist by the findings of fact and law made in the prior action, submitting supportive documents including Steven Certilman's deposition.
With regard to reliance on advice of counsel, a genuine issue of material fact exists as to whether the Certilmans provided a full and fair account of the facts and as to whether the Certilmans actually relied on advice of counsel. As a threshold issue, it is necessary to consider what documentation may be relied upon in support of a motion for summary judgment.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. "Reliance on deposition testimony on a motion for summary judgment is generally inappropriate." Funaro v. MountMansfield Co., Superior Court, judicial district of New Haven, Docket No. 318105 (July 15, 1994, Martin, J.;12 Conn. L. Rptr. 117, 118). See also State Street Mortgage Co. v. Piscitelli,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 043399 (February 22, 1996, Curran, J.).
"If evidence is inadmissible at trial, it is insufficient to support a motion for summary judgment. . . . Whether to admit deposition testimony into evidence is within the discretion of the trial court." Piscitelli v. Metro North Commuter Railroad,
Superior Court, judicial district of New Haven, Docket No. 326325 (September 5, 1995, Zoarski, J.). "A response to a question CT Page 4338 propounded in a deposition is not a judicial admission." Espositov. Wethered, 4 Conn. App. 641, 645, 469 A.2d 222 (1985). Because the party's testimony at trial may differ from earlier statements in the deposition, a question for the jury may result. Lagana v.Lastrina, Superior Court, judicial district of Middletown, Docket No. 66358 (May 27, 1993, Arena, J.; 9 Conn. L. Rptr. 178).
Conversely, conflicting deposition testimony has been used to raise a genuine issue of fact. Esposito v. Wethered, supra,4 Conn. App. 644. Here, the factual situation differs from those in which the moving party is attempting to use a statement in a deposition as an admission of liability. See, e.g., Esposito v.Wethered, supra, 4 Conn. App. 645; Lagana v. Lastrina, supra. The same concern that the party could testify at trial differently from the deposition, however, still exists.
The Certilmans rely on two affidavits in support of their position that reliance on advice of counsel bars the suit for vexatious litigation, while Crocco relies on an uncertified deposition to argue that the Certilmans did not rely on the advice of an attorney. Crocco also argues that the statements in the Certilmans' affidavits do not show that there is no issue of fact with regard to advice of counsel.
In Certilman's affidavit he attests that "My wife and I were originally represented in this matter by Attorney Paul Pacifico and later, at trial by Attorney Dan Benjamin. My wife and I informed our counsel of the facts known to us and relied in good faith upon their advice that our action had merit." (Memorandum of Law in Support of Cross-Motion for Summary Judgment: Exhibit 2, ¶ 7.)
The affidavit of attorney Daniel Benjamin avers that "The Certilmans communicated to me the facts relevant to this matter known by them. . . . At all times, I believed and continue to believe that there was a good faith basis for the Certilmans' action against Jean Crocco and Putnam Associates and I communicated that belief to the Certilmans." (Memorandum of Law in Support of Cross-Motion for Summary Judgment: Exhibit 3, ¶ 4-5.)
Crocco argues that these statements are mere conclusions which are not facts admissible in evidence under Practice Book § 381, and incorporates the arguments and documents submitted with its own motion for summary judgment. In an uncertified deposition, Steven Certilman attests that he was the actual CT Page 4339 draftsman of the complaint. (Motion for Summary Judgment # 105: Exhibit 1.)
A genuine issue of material fact exists with regard to reliance on counsel. It is not clear that "the defendants commenced the first suit relying in good faith on the advice of counsel after a fair and accurate disclosure of the facts that they knew at that time." H.B. Associates, Inc. v. Joaquim,
Superior Court, judicial district of Waterbury, Docket No. 089416 (October 4, 1990, Byrne, J.). The affidavits submitted on behalf of the Certilmans do not adequately attest to the facts which were disclosed to the attorney, nor do they prove that the disclosed facts were fair and accurate. Thus, even disregarding the deposition testimony concerning the authorship of the complaint, the Certilmans have not shown the nonexistence of a genuine issue of material fact.
Assuming arguendo that the uncertified deposition of Steven Certilman may be properly considered, Crocco has raised an issue of fact with regard to whether the Certilmans actually relied on advice of counsel. If Steven Certilman did draft the complaint himself, then arguably he did not rely on anyone else's advice as to whether he had a valid claim for damages. It should be noted that the attorney trial referee's report states that both Steven and Terri Certilman are practicing attorneys and that Steven Certilman is "a practicing attorney familiar with real estate practice in this area." (Attorney Trial Referee's Report, pp. 2, 5.) Thus, there is a genuine issue of material fact regarding whether the Certilmans "instituted [their] civil action relying in good faith on [counsel's] advice, given after a full and fair statement of all facts within [their] knowledge, or which [they were] charged with knowing." Vandersluis v. Weil, supra,176 Conn. 361.
With regard to probable cause, there is a genuine issue of material fact as to whether the Certilmans had probable cause to institute the prior action. "For the purposes of a vexatious suit action, the legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) CT Page 4340DeLaurentis v. New Haven, supra, 220 Conn. 256.
The Certilmans argue that there was probable cause for each of the three claims brought against Crocco: tortious interference, emotional distress, and CUTPA. In his affidavit, Steven Certilman attests, "From all information available to us, up to the time of trial, the status of Helena Curtis as someone `being in the shoes of the owner', to use the phrase of the Attorney Trial Referee, was not apparent and based on the representations and actions of the listing broker and the relocation company, we believed that it was improper for Jean Crocco to contact Helena Curtis directly in order to disrupt our expectation that the `Accepted Offer to Purchase' would be consummated." (Memorandum of Law in Support of Cross-Motion for Summary Judgment: Exhibit 2, ¶ 5.).
Crocco argues that the decision in the prior case collaterally estops the Certilmans from asserting that probable cause existed. In their reply memo, the Certilmans argue that the court in the prior action "did not reach the existence of probable cause as a matter of law." (Reply Memorandum in Support of Cross-Motion for Summary Judgment # 113, p. 5).
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). The existence of probable cause to bring the prior suit was not actually litigated nor decided in the prior action. Cf. MidstateElectronic Co. v. Nova Electronics, Superior Court, judicial district of New Haven, Docket No. 334782 (November 12, 1993, Fracasse, J.; 10 Conn. L. Rptr. 349, 351) (party not collaterally estopped from arguing lack of probable cause due to prior finding of probable cause to grant ex parte prejudgment attachment).[1]
The Certilmans have not shown, however, that there is no issue of fact regarding probable cause. In his affidavit, Certilman merely asserts that it was not apparent that Helena Curtis was standing in the shoes of the owner. This is not sufficient to show that the Certilmans had "knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven,
supra, 220 Conn. 256. CT Page 4341
Moreover, the attorney trial referee's report and the memorandum of decision indicate uncertainty about the status of Helena Curtis. The attorney trial referee found that the listing agent "was not sure who the `client' was. It could have been the Paukers or [Helena Curtis]." (Attorney Trial Referee's Report, p. 4.). The report also states that "Crocco communicated directly with a party [Helena Curtis] who could properly be considered being in the shoes of the owner, although it was unclear to all parties at the time, the actual identity of the owner." (Attorney Trial Referee's Report, p. 16.)
The memorandum of decision, however, implies that at the time of the filing of the action, the status of Helena Curtis was clear. "The [Certilmans'] assertion that Curtis was not the owner, nor the seller, not the principal involved in the subject premises . . . seems illogical, because, if this were true, Crocco's contacting Curtis would have been inconsequential and immaterial. This was not the case, however, as the [Certilmans] agree that this contact by Crocco precipitated a sealed-bid procedure initiated by Curtis. If Curtis played no role in this sale, the company could not have rejected the [Certilmans'] first bid of $608,000, and initiated a sealed-bid procedure." (Motion for Summary Judgment, Exhibit 3: Memorandum of Decision, pp. 4-5.) This suggests that it might have been unreasonable for the Certilmans to believe that Crocco had acted improperly in contacting Helena Curtis in light of the fact that Helena Curtis exercised authority over the bidding and acceptance procedure. Thus, there are genuine issues of material fact with regard to whether the Certilmans had probable cause to institute the prior action.
The Certilmans' cross-motion for summary judgment is denied. There are genuine issues of material fact regarding the Certilmans' reliance on advice of counsel and the existence of probable cause to bring the prior action.
D'ANDREA, J.