[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
BACKGROUND
On April 19, 1996, the plaintiff, Bruce Moran, filed a one count complaint against the defendant, Cablevision Systems of Southern Connecticut Limited Partnership. The cause of action arises out the alleged wrongful termination of the plaintiffs employment by the defendant which occurred on October 10, 1995.
The plaintiff alleges that he was hired by the defendant in August 1984, as a temporary sales representative but, subsequently his status was changed to permanent sales representative. (Complaint, ¶¶ 4 and 5.) During the period of the plaintiff's employment, the defendant's policy was to terminate employees only for cause and such policy was allegedly verbally stated to the plaintiff during his initial years of employment. (Complaint, ¶¶ 6 and 7.) Furthermore, the plaintiff alleges that the policy of terminating employees only for cause was also expressed by the defendant in the Employee Handbook-Programs and Policies ("Handbook") published and circulated by the defendant sometime in 1989 or 1990. (Complaint, ¶¶ 8, 9 and 10.) The plaintiff further alleges that the reason given for the termination of his employment was because of poor job performance, but in reality the termination was prompted by hostilities of a personal nature harbored toward him by a senior management level employee, who was not in the plaintiff's chain of supervision. (Complaint, ¶¶ 13, 14, 15 and 19.)
On March 18, 1997, the defendant filed a motion for summary judgment pursuant to Practice Book § 378. The motion is supported by a memorandum of law and by exhibits which include: (1) an uncertified copy of selected pages from the plaintiff's deposition transcript dated June 13, 1996; (2) a copy of the plaintiff's application for employment; (3) a copy of the handbook; (4) copies of the company's annual review of the plaintiff's work performance; (5) a copy of a memorandum to sales representatives setting minimum sales guidelines; and (6) copies of the record of reprimands and warnings received by the plaintiff. The defendant moves for summary judgment on the ground that there is no genuine issue of material fact with respect to CT Page 9652 the issue of the status of the plaintiff as an employee at will. The plaintiff filed an objection to the motion for summary judgment on April 18, 1997. The objection is supported by a memorandum of law, a sworn statement and exhibits which include: (1) an uncertified copy of selected excerpts from the plaintiff's deposition; (2) a copy of the application for employment; and (3) a copy of the handbook.
STANDARD
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596
(1969).
"The burden of proof is on the moving party that there is no genuine issue of material fact and the standards of summary judgment are strictly and forcefully applied." Id. "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377
CT Page 9653 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,
supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenonmovant, the trier of fact could not reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment."Home Insurance Co. v. Aetna Life Casualty Co., supra,235 Conn. 202-03.
DISCUSSION
The defendant argues that the granting of summary judgment in the present case is warranted because the plaintiff's admissions[1] and the language of relevant documents establish the insufficiency of the plaintiffs claim. Specifically, the defendant claims that the handbook, a document upon which the plaintiff relies to establish that the company only terminated employees for cause, specifically disclaims any contractual commitment and, in four places explicitly states the at-will nature of the plaintiff's employment. The defendant argues that the Connecticut courts have repeatedly dismissed termination cases involving disclaimers contained in employees' handbooks. The defendant cites seven superior court cases in which disclaimers contained in handbooks were found to be sufficient to negate a contractual commitment between an employer and its employees.
The defendant further argues that the plaintiff must present evidence that the employer intended to make an actual contractual commitment on the terms stated by the employee in order to proceed to trial on an employment contract claim. Consequently, the defendant argues, allegations of a contract do not entitle the plaintiff to a trial, absent evidence that the defendant intended to be bound by a contract. Furthermore, the defendant argues that, in addition to the disclaimers in the handbook and the absence of any evidence proving a contractual commitment, the CT Page 9654 plaintiff has stated in his deposition that the defendant had a policy of employment at-will. Specifically, the defendant argues that the plaintiff has stated in his deposition that there was never an agreement to employ him for a specified period of time, an agreement concerning circumstances under which employment could be terminated, or an agreement to provide any particular level of compensation or benefits for a specified period of time.
The plaintiff counters that all employer-employee relationships not governed by express contract involve some type of implied "contract" of employment, as enunciated by the Supreme Court in Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 13, 662 A.2d 89 (1995). The plaintiff argues that the defendant, when asked about job security by the plaintiff, made the representation that his, Moran's, job would be preserved as long as his performance did not deteriorate. Such a representation, the plaintiff argues, would amount to a contractual commitment to the plaintiff that he could not be terminated without cause. Furthermore, addressing the issue of the disclaimers contained in the handbook, the plaintiff argues that the handbook was created approximately eight years after the plaintiff's date of employment and, therefore, any limitations on the plaintiff's rights contained in the handbook would not be binding on the plaintiff absent additional acquiescence by him.
The defendant claimed that the plaintiff's employment was terminated because of his excessive tardiness and because of the company's downsizing. The plaintiff, however, argues that his tardiness had never been an issue. On the contrary, the plaintiff argues that he and other employees were told by their supervisor that employees reporting late for work due to traffic problems would not be penalized but would be allowed to make up the lost time. Furthermore, no action was taken against other individuals who also arrived late. The plaintiff argues that, therefore, the plaintiff's alleged tardiness is nothing more than a pretext to terminate his employment. Addressing the issue of the company's downsizing, the plaintiff claims that employees junior to him were allowed to remain on the job while he was terminated, therefore his termination cannot be attributed to the company's need to downsize.
By way of a sworn affidavit the plaintiff attests that his understanding of his employment status with the defendant was that the plaintiff would have a secure position as long as his sales performance was satisfactory. The plaintiff formed the CT Page 9655 belief that his employment would be terminated only for reasons related to his sales performance after an alleged conversation with his supervisor, Glenn Archer. In his affidavit, the plaintiff attests that he approached Mr. Archer and sought an assurance about the security of his position before making a commitment to purchase a home. The defendant argues that the statement contained in the affidavit contradicts the deposition testimony previously given by the plaintiff. Specifically, the defendant points out the following statements in the plaintiffs deposition: (1) that he was never told how long he would be employed by the defendant (Moran Deposition, p. 145); (2) that he was never told the circumstances under which his employment could be terminated (Moran Deposition, p. 146); (3) that he was never told how long he would receive any particular salary (Moran Deposition, p. 146); (4) that he was never told that his benefits or salary could not be changed (Moran Deposition, p. 146); (5) that he understood that policy guidelines seemed to be at-will (Moran Deposition, p. 93); and (6) that he knew that other employees had previously been terminated for reasons unrelated to their performance (Moran Deposition, pp. 47, 85 and 88-9). The defendant, however, has failed to point out any part of the deposition in which the plaintiff admitted that he knew that his
employment with the defendant could be terminated for reasons other than his sales performance. The plaintiff's sworn affidavit does not contradict his earlier deposition testimony because the alleged representations made to the plaintiff by his supervisor can be construed as a promise to the plaintiff personally, irrespective of what the plaintiff's understanding was as to other employees. Similarly, the plaintiff's testimony that the defendant did not make any promises about any specific terms governing his employment cannot be construed to exclude the more general representation allegedly made to the plaintiff by his supervisor. Nor did the defendant proffer any evidence to show that this representation was never made by the supervisor. Even if the deposition testimony of the plaintiff is inconsistent with his affidavit, "[a]t trial, in open court, the testimony of [Bruce Moran] may contradict his earlier statement and a question for the jury to decide may then emerge." Esposito v. Wethered, supra,4 Conn. App. 645.
The defendant argues that there was no specific and express contract governing the relationship between itself and the plaintiff. "[A]ll employer-employee relationships not governed by express contract involve some type of implied `contract' of employment." Torosyan v. Boehringer Ingelheim Pharmaceuticals,CT Page 9656Inc., 234 Conn. 1, 13, 662 A.2d 89 (1995). In such a situation the court must examine the relationship of the parties to determine the content of any particular implied contract of employment. Id. "The intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were." Hydro-Hercules Corp. v.Gary Excavating, Inc., 166 Conn. 647, 652, 353 A.2d 714 (1974). "[T]he determination of what the parties intended to encompass in their contractual commitment is a question of the intention of the parties, and an inference of fact." Ballard v. Asset RecoveryManagement Co., 39 Conn. App. 805, 809, 667 A.2d 1298 (1995), cert. denied, 236 Conn. 906, 670 A.2d 1306 (1996). It is well settled that a "summary judgment procedure is particularly inappropriate where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reaction." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 639 A.2d 507 (1994). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791,794, 654 A.2d 382 (1995).
The plaintiff has given a sworn statement that the defendant, through a supervisor, made a specific representation to the plaintiff in direct response to his inquiries about job security. This representation was that the plaintiff would not need to worry about his job as long as his sales performance was adequate. The defendant submitted documents tending to prove that the plaintiff's job performance was inadequate and, therefore dismissal was justified. If, however, there was no doubt that the plaintiff's employment was at will, no such proof would be required. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Bordowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). In the present case there are significant issues of material fact, specifically: (1) the intent behind the representations of the plaintiff's supervisor; (2) whether the plaintiff was originally hired with the understanding that he would only be dismissed for cause; (3) whether the publication of the handbook modified any pre-existing terms of employment[2]; (4) whether the proposed modifications were accepted by the plaintiff and became a substituted contractual obligation. See Torosyan v. BoheringerIngelheim Pharmaceuticals, Inc., supra, 234 Conn. 17.
Therefore, the motion for summary judgment is denied because CT Page 9657 the case presents issues of material fact that should be resolved by the trier of fact.
MINTZ, J.