[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 20, 1995, the plaintiffs, Richard and Barbara Perrotti, CT Page 12100 filed a two count complaint alleging negligence and loss of consortium, respectively, against the defendant Linda Magliola. The plaintiffs allege that the defendant was negligent in the operation of her automobile on December 17, 1994 when plaintiff Richard Perrotti and the defendant were involved in an automobile accident. The accident occurred when Richard Perrotti's automobile was struck from behind by Linda Magliola's automobile, while the plaintiff was stopped in preparation to make a left hand turn.
In her answer, the defendant admits that the accident occurred, but denies that she was negligent in the operation of her automobile.
On April 22, 1997, the plaintiffs filed a motion for summary judgment as to the defendant's liability. The plaintiffs' memorandum in support was accompanied by a police report of the accident and plaintiff Richard Perrotti's affidavit, which relied on portions of the defendant's deposition testimony in which the defendant acknowledged that the accident was her fault. On July 23, 1997, the defendant filed a memorandum in opposition and her affidavit.
On August 27, 1997, the court, Zoarski, J., denied the plaintiffs' motion for summary judgment on the grounds that (1) The plaintiffs failed to provide a certified copy of the defendant's deposition, portions of which the plaintiffs relied on in Richard Perrotti's affidavit supporting their motion for summary judgment; (2) the reference to the deposition testimony in the affidavit was inadmissible and did not satisfy Practice Book § 380; and (3) the police report the plaintiffs submitted in support of their motion for summary judgment was inadmissible because it was created by a police officer who did not have first hand knowledge of the contents therein. The court held that since it could not consider Richard Perrotti's affidavit and the copy of the police report, the court could not "resolve the mixed question of fact and law of whether the defendant met the requisite standard of care under the circumstances particularly those relating to whether [s]he had a reasonable opportunity to avoid the collision."(Internal quotation marks omitted). See Perrottiv. Magliola, Superior Court, judicial district of New Haven at New Haven, Docket No. 379838 (April 22, 1997).
On September 3, 1997, the plaintiffs refiled their motion for summary judgment, submitting a memorandum in support, the plaintiff Richard Perrotti's affidavit, a certified copy of the defendant's deposition, and a re-submission of the police report.
On September 17, 1997, the defendant filed a memorandum in opposition to the plaintiffs' refiled motion for summary judgment. CT Page 12101
"[I]t is within the trial court's discretion to consider a renewed motion for summary judgment that has previously been denied where . . . additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment." Mac's CarCity, Inc. v. American National Bank, 205 Conn. 255, 262, 532 A.2d 1302
(1987).
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a maker of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Bruttomesso v. Northeastern Conn. Sexual AssaultCrisis Services Inc., 242 Conn. 1, 5-6, ___ A.2d ___ (1997). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits."Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995).
In the present case, the court denied the plaintiffs' first motion for summary judgment, in part, because the plaintiffs failed to provide a certified copy of the defendant's deposition, portions of which the plaintiffs relied on in their affidavit. When the plaintiffs refiled their motion for summary judgment, they provided the court with a certified copy of the defendant's deposition. The plaintiffs argue that since the defendant acknowledged fault in her deposition, there is no genuine issue of material fact on the issue of liability.
In its opposition memorandum the defendant argues that the motion for summary judgment should be denied, since the plaintiffs merely resubmitted the defendant's deposition testimony without addressing the issue of the inadmissibility of the deposition for purposes of summary judgment. The defendant argues that deposition testimony is inadmissible for purposes of deciding a motion for summary judgment.
"[T]he allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v. Steve SnyderEnterprises. Inc., 196 Conn. 134, 139, 491 A.2d 389 (1985). "[T]he Superior Court has been split as to whether deposition testimony, either CT Page 12102 uncertified or certified, may be considered for the purposes of a motion for summary judgment . . . ." Schratwieser v. Hartford Casualty Ins. Co.,44 Conn. App. 754, 756 n. 1, 692 A.2d 1283, cert. denied, 241 Conn. 915
(1997). "Practice Book § 248 (b) . . . . [allows] for the admissibility of depositions into evidence under appropriate circumstances, but [is] permissive in nature, leaving the ultimate determination to the trial judge." Farrell v. St. Vincent's Hospital, 203 Conn. 554, 564-65,525 A.2d 954 (1987).
In Esposito v. Wethered, the Appellate Court stated, "[t]he primary purpose of a deposition . . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court, . . . . [the defendant] may contradict her earlier statement and a question for the jury to decide may then emerge." (Citations omitted.) Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985). "Since our decision in Esposito, we have not determined it to be improper for a trial court to consider deposition testimony in ruling on a motion for summary judgment." Schratwieser v. HartfordCasualty Ins. Co., supra, 44 Conn. App. 756 n. 1. "While . . . . deposition testimony is not conclusive as a judicial admission . . . . it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact."Collum v. Chapin, 40 Conn. App. 449, 450, n. 2, 671 A.2d 1329
(1996).
In the present case, when asked, during her deposition, "Did you tell [the plaintiff] it was your fault?," defendant responded, "Yes." She was then asked, "And it was, wasn't it?" Defendant responded, "yes." See deposition of defendant Linda Magliola, T. at 10, lines 15-18.
Some courts have permitted the use of deposition testimony in support or opposition to a motion for summary judgment. "In each case the depositions were used to establish the sequence of events." Oberdick v.Allendale Mutual Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 283004 (August 25, 1993, Celotto, J.) (9 Conn. L. Rptr. 607, 609).
Where depositions establish more than the mere sequence of events, some courts have ruled the depositions inadmissible for purposes of granting or denying a motion for summary judgment. See e.g., Iannuzzi v.Home Depot, U.S.A., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293137 (May 27, 1993, Ballen, J.) (9 Conn. L. Rptr. 159) (defendant's motion for summary judgment which relied on plaintiff's deposition showing that the plaintiff could not state "with certainty how defendant was negligent" was denied because "[d]eposition testimony is not CT Page 12103 conclusive on the issue of negligence."); Piscitelli v. Metro NorthCommuter Railroad, judicial district of New Haven at New Haven, Docket No. 326325 (September 5, 1995, Zoarski, J.) (court denied motion for summary judgment where moving party relied almost entirely on uncertified
deposition testimony to resolve issues of negligence) (Emphasis added).
In Carroll v. Topolski, a case similar to the present case, the plaintiff's motion for summary judgment on the issue of the defendant's negligence in an automobile accident was denied despite admissions of fault in the defendant's deposition. During her deposition, the defendant admitted "that she never looked to see if the plaintiff's vehicle was moving before proceeding further." Carroll v. Topolski, Superior Court, judicial district of Waterbury, Docket No. 085956 (September 12, 1991, Santos, J.) (4 Conn. L. Rptr. 503, 504). Regardless, the court stated that the deposition testimony was not a judicial admission, and that "the defendant operator's testimony at trial may contradict or differ somewhat from her earlier statement made at the time of her deposition. . . . A question for the jury to decide may result at that time." Id.
Similarly, in the present case, the defendant acknowledged in her deposition that the accident was her fault. The plaintiffs submit the defendant's deposition in support of their motion for summary judgment on the issue of liability. Since the defendant acknowledged fault in her deposition, the plaintiffs argue there is no genuine issue of material fact on the issue of liability. The plaintiffs' motion for summary judgment is denied because "[t]he primary purpose of a deposition . . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court, . . . . [a defendant] may contradict her earlier statement and a question for the jury to decide may then emerge." (Citations omitted.) Esposito v.Wethered, supra, 4 Conn. App. 645.). See also Carroll v. Topolski, supra,4 Conn. L. Rptr. 503. In addition, the defendant attests in her affidavit that she was not negligent. She states, "I was driving along, saw the plaintiff's vehicle at a stop and put on my brakes. The car did not stop in time. I did everything a reasonable person could do to stop my vehicle." Attachment to Defendant's Opposition Memorandum: Defendant's Affidavit. Accordingly, this raises a question of material fact regarding whether the defendant had a reasonable opportunity to avoid the accident.
This court also denied the plaintiffs' first motion for summary judgment, in part, because the plaintiffs' supporting documentation included a police report, the contents of which were not based on the first hand knowledge of the police officer. The plaintiffs re-submitted the police report without addressing the issue of its admissibility. CT Page 12104
"Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). "Our courts have repeatedly held that hearsay statements are inadmissible evidence pursuant to Practice Book § 381 and that a mere assertion of fact is insufficient to establish the existence of a material fact." AssociatesFinancial Services of America, Inc. v. Sorenson, 46 Conn. App. 721,732-33 ___ A.2d ___ (1997) (affidavit supporting memorandum in opposition to motion for summary judgment failed to provide evidence that the affiant had personal knowledge). See also Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984). "[E]xcept for the portion of the police report containing the personal observations of the police officer, none of these statements would have been admissible against the plaintiff because of the hearsay rule. They could not, therefore, have been relied upon to support the motion for summary judgment." Id. "[If] the police report is neither sworn to, certified or in any fashion authenticated by an individual with personal knowledge, the cases interpreting Practice Book, Sec. 380 suggest that it should not be considered by the court in ruling on the motion for summary judgment." Durso v. Town of Sherman, Superior Court, judicial district of Danbury, Docket No. 317959 (May 8, 1995, Leheny, J.).
As the above cases indicate, the rule against hearsay excludes from evidence affidavits or documents in support of, or in opposition to, motions for summary judgment if they are based on hearsay. Since the plaintiffs re-submitted the same police report as supporting documentation with their refiled motion for summary judgment, the court again refuses to consider the report in this motion for summary judgment.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner."Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 42 Conn. App. 563, 568, 680 A.2d 333 (1996), cert granted,240 Conn. 948, ___ A.2d ___ (1997). "A determination of negligence is necessarily one of fact." Id., 568-69.
The deposition testimony of the defendant, Linda Magliola, is not conclusive on the issue of negligence. An issue of material fact exists regarding whether the defendant had a reasonable opportunity to avoid the accident. Additionally, the police report is also not considered since its CT Page 12105 contents are based on hearsay. Since an issue of material fact exists, summary judgment is denied.
Zoarski, J. Judge Trial Referee
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 12110