[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Toni Hoffman, commenced this action against the defendant, Paul Chauvin, Jr. d/b/a Pete's Landscaping, on January 22, 2000, claiming negligence and loss of consortium. The plaintiff alleges the following facts. Prior to February 5, 1998, the defendant was retained to provide snow removal and sanding services for the roadways CT Page 4249 and parking lot at the plaintiff's place of employment, Glen Hill Convalescent Home (Glen Hill). On February 5, 1998, at approximately 6:25 a.m., the plaintiff sustained injuries when she slipped and fell as a result of the icy conditions in Glen Hill's parking lot.
On July 27, 2001, the defendant filed a motion for summary judgment on the ground that he had no duty to the plaintiff to remove the snow and/or ice from the parking lot because a winter storm was ongoing at the time of the plaintiff's fall. The plaintiff opposes summary judgment on the ground that genuine issues of material fact exist as to whether the storm had ended at the time she fell.
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment [however] because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The Connecticut Supreme Court has held that if a winter storm is ongoing, the landowner, or other inviter, is under no duty to clear the snow or ice until the precipitation ends or a reasonable time thereafter. Kraus v. Newton, 211 Conn. 191, 197-98, 558 A.2d 240 (1989). "To require a landlord or other inviter to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical." Id., 198. In support of his argument that the storm was ongoing at the time the plaintiff fell, the defendant submits the deposition testimony of the plaintiff in which she testifies that it was "sleety" from the time she left her home until the time she arrived at work. The defendant contends CT Page 4250 that this testimony proves that the storm was ongoing at the time of the plaintiff's fall.
"The primary purpose of a deposition taken pursuant to [the Connecticut Practice Book rules] is discovery." Sanderson v. Steve SnyderEnterprises, Inc., 196 Conn. 134, 139, 491 A.2d 389 (1985); see alsoEsposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). "A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the [plaintiff] may contradict her earlier statement and a question for the jury to decide may then emerge." Esposito v. Wethered, supra,4 Conn. App. 645. Accordingly, the plaintiff's deposition testimony is not conclusive.
The parties have submitted affidavits. The defendant submits the affidavit of Robert B. Cox, a meteorologist with the New England Weather Service. Cox states that the storm was still in progress at the time of the plaintiff's fall at 6:25 a.m. on February 5, 1998. The plaintiff submits the affidavit of William Jacquemin, a meteorologist for the Connecticut Weather Center, in which he states that the storm had stopped at approximately 1:00 a.m. on February 5, 1998.
In light of these conflicting affidavits, the court concludes that there is a genuine issue of material fact as to whether the plaintiff's injury occurred during the course of a winter storm. Accordingly, the defendant's motion for summary judgment is denied.
White, J.